IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACI TOTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICH TOWNSHIP HIGH SCHOOL DISTRICT ) <br> 227, ANTOINE BASS, in his individual capacity, ) <br> RANDY ALEXANDER, in his individual capacity, ) <br> SHANNON ROSS-SMITH, in his individual ) <br> capacity, and DR. DELORES WOODS, in her ) <br> individual capacity, ) <br> ) <br> Defendants. ) | Case No.   17 C 6186 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Traci Toth has brought a three count complaint against defendants Rich Township High School District 227 ("District") and Board of Education ("Board") members Antoine Bass, Randy Alexander, Shannon Ross-Smith, and Dr. Delores Woods, all in their individual capacities (collectively "defendants"), alleging violations of 42 U.S.C. § 1981 (Count I), 42 U.S.C. § 1983 (Counts II and III), and the Fourteenth Amendment (Count III).   Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III in its entirety for failure to state a claim.   For the reasons discussed below, defendants' motion is granted in part and denied in part.

## FACTS[1]

Plaintiff, a Caucasian educator, has worked for the District since 1994.   Plaintiff was promoted to an Associate Principal for Teaching and Learning position in 2002.   In February 2016 plaintiff was informed that her employment contract for that position would not be renewed

---

[1] The facts in this section are taken from the allegations in the complaint, which are presumed true for purposes of resolving defendants' motion to dismiss.   Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

when it expired on June 30, 2016, but that she could interview for a teaching position. Later in February 2016 the Board voted not to renew the contracts of ten administrators, including plaintiff. According to plaintiff, seven of those affected were African American and three, including plaintiff, were Caucasian. Plaintiff claims that all of the African Americans, and only the African Americans, were offered administrative positions at other campuses.

Plaintiff further alleges that she was not allowed to interview for any administrative positions beyond the Associate Principal for Teaching and Learning position, from which she had just been removed, and that she was told she would have to take a teaching position if she wanted to keep her job. Plaintiff did just that, which resulted in a reduction in annual salary of approximately $55,000. Plaintiff attributes her fate not to her performance, which she claims was rated "Excellent" based on evaluations, but rather to the fact that she is Caucasian. According to plaintiff, the student body in the District is predominantly African American, and the community has demanded more African American teachers and administrators due to a belief that they will better serve the students. Plaintiff alleges that the Board discriminates against Caucasian employees in order to meet this demand.

In Count III of the complaint plaintiff alleges that she entered into an early retirement agreement with the District. Under the agreement, plaintiff was required to notify the Board in writing of her plan to retire within four years. If approved, the agreement provided that the District would increase plaintiff's salary by 6% each of those four years through a stipend, increase its contributions to plaintiff's Teacher's Retirement System of the State of Illinois account, and pay a lump-sum reimbursement for plaintiff's post-retirement health insurance.

Plaintiff claims that she notified the Board in June 2015 of her intent to retire, and that her plan to retire on June 30, 2019, was formally accepted by the Board at a June 26, 2015, meeting. According to plaintiff, the District subsequently provided her with a "Projected Retirement Salary Summary" that reflected her 6% base salary increases until 2019. Plaintiff further alleges that the District paid her the 6% stipend for the 2015-2016 year, before she was removed from her administrative position. Plaintiff claims that the District has since refused to honor her early retirement agreement despite promising plaintiff that she would continue to receive her early retirement benefits, and that her pay, including the stipend, would not be decreased if she were reassigned to a teaching position. Plaintiff further alleges that other similarly situated employees have continued to receive such benefits after being reassigned.

## DISCUSSION

### I. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When evaluating a Rule 12(b)(6) motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 549, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**II. Analysis**

Defendants argue that Count III should be dismissed because: (1) it relies on an invalid employment contract; and (2) if the contract is valid, defendants are entitled to qualified immunity. The court will address these arguments in turn.

**A. Due Process**

Defendants' first argument is misplaced as to plaintiff's alleged retirement benefits. Defendants argue at length that "the purported multi-year assistant principal contract, which Plaintiff contends existed, was illegal as a matter of law" because it was not performance-based, as required by Illinois statute. See 105 ILCS 5/10-23.8a. Plaintiff contends, however, that her due process claim relies on her early retirement agreement with the District and the benefits promised to her under it, not her employment contract.[2]

Plaintiff's due process claim depends on whether she had a property right in the benefits she was allegedly promised under her early retirement agreement. Ulichny v. Merton Cmty. Sch. Dist., 249 F.3d 686, 699 (7th Cir. 2001). If so, those benefits could not be taken away without due process. Id. Property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. at 700 (internal quotation marks omitted). Additionally, "property interests subject to procedural due process protection are not limited by a few rigid, technical forms." Id. Instead, "property denotes a broad range of interests that are secured by existing rules or understandings." Id. (internal quotation marks omitted). Further, "a property right may be supplemented by other

---

[2] Additionally, plaintiff does not allege to have had a multi-year employment contract with the District.

4

agreements implied from the promisor's words and conduct in light of the surrounding circumstances." Id. (internal quotation marks omitted).

Plaintiff alleges that her plan to retire on June 30, 2019, was formally accepted by the Board, the District subsequently provided her with a "Projected Retirement Salary Summary" that reflected her 6% base salary increases until 2019, the District paid her the 6% stipend for the 2015-2016 year, and that she was promised that she would continue to receive her early retirement benefits, including the stipend, and her salary if she were reassigned to a teaching position. Plaintiff further argues that she has a statutory entitlement to her retirement benefits under the Illinois Pension Code. See 40 ILCS 5/16-101 et seq. Taking all of these allegations as true and construing them in plaintiff's favor, as the court must, plaintiff has plausibly pled a property interest in the benefits that she was allegedly promised.

Defendants argue that plaintiff cannot be entitled to a retirement annuity because she is not eligible for the annuity until she is no longer employed as a teacher. See 40 ILCS 5/16-132(d). This argument does nothing to refute plaintiff's claim that she was promised, as part of her early retirement plan, that she would continue to receive her administrator's salary, with an annual 6% increase that she would receive as a stipend, until she retired. Assuming this is true, plaintiff was entitled to the 6% stipend annually prior to retirement. Additionally, reducing plaintiff's annual salary by $55,000 would reduce the annuity that she is ultimately entitled to because, as defendants concede, plaintiff's annuity payments are calculated based on the average salary for the highest four consecutive years within plaintiff's last ten years of creditable service. See 40 ILCS 5/16-133(b). Accordingly, plaintiff has sufficiently pled a deprivation of property in which she had an interest.

Because plaintiff had a property interest in the benefits she was promised, defendants could not deprive her of them without due process. "To determine what process is due when the State deprives an individual of property, courts look at three factors: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional procedural protections; and (3) the government's interest in maintaining the current procedures." Halfhill v. Ne. Sch. Corp., 472 F.3d 496, 502 (7th Cir. 2006) (internal citation omitted). According to plaintiff, she received no notification that her benefits or salary would be reduced. Taking this claim as true, defendants' procedures were not merely deficient, they were non-existent. Accordingly, plaintiff has plausibly pled a due process violation as to her alleged retirement benefits.

Plaintiff also claims that her due process rights were violated when she was reassigned to a teaching position. The court disagrees. As defendants point out, plaintiff is not entitled to an administrative position. See Lyznicki v. Bd. of Educ., Sch. Dist. 167, Cook County, Ill., 707 F.2d 949, 951 (7th Cir. 1983) (holding that plaintiff had no right to continued employment as a principal based on a yearly contract). Plaintiff concedes that she was given timely notice of the Board's decision not to renew her administrative contract. Plaintiff attempts to defeat defendants' argument by noting that the Board did not have authority to demote her for discriminatory reasons. On that point, the court agrees. That, however, is a discrimination claim, not a due process claim. Because plaintiff has failed to plausibly allege that she was reassigned without notice, Count III is dismissed as to plaintiff's claim regarding reassignment to a teaching position.

  **B. Qualified Immunity**

According to defendants, the individual board members are entitled to qualified immunity because their conduct did not violate clearly established law or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This is so, according to defendants, because the Board's decision not to renew plaintiff's contract was in accordance with the Illinois School Code. This argument is a non-starter. Plaintiff alleges that the Board: (1) chose not to renew her contract; (2) reduced her salary; and (3) deprived her of retirement benefits (the latter two without notice), all as part of a scheme to intentionally replace Caucasian administrators with African Americans. First, the court can think of few rights more clearly established than the right to be free from racial discrimination in employment. See Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("racial discrimination in employment is a claim upon which relief can be granted") (internal quotation marks omitted). Second, for the reasons discussed above, plaintiff had a property right in the benefits she was allegedly promised in her early retirement agreement, and the Board could not deprive plaintiff of those benefits without notice. Accordingly, the individual Board members are not entitled to qualified immunity.

## **CONCLUSION**

For the foregoing reasons, Count III is dismissed as to plaintiff's reassignment claim only. Defendants are directed to answer the remaining claims on or before April 2, 2018. The parties

7

are directed to file a joint status report using this court's form on or before April 9, 2018. This matter is set for a report on status on April 17, 2018, at 9:00 a.m.

**ENTER:      March 12, 2018**

_____
**Robert W. Gettleman
United States District Judge**