IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRACI TOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 6186 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| RICH TOWNSHIP HIGH | ) | |
| SCHOOL 227, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Traci Toth brought a three-count complaint against defendants Rich Township High School District 227 ("District") and Board of Education ("Board") members Antoine Bass, Randy Alexander, Shannon Ross-Smith, and Dr. Delores Woods, all in their individual capacities (collectively "defendants"), alleging violations of 42 U.S.C. § 1981 (Count I), 42 U.S.C. § 1983 (Counts II and III), and the Fourteenth Amendment (Count III). The parties cross-moved for summary judgment, and the court denied both motions, holding that there were genuine disputes of material fact. (Doc. 98) Plaintiff now brings a second motion for summary judgment on the sole issue of whether the Board's Resolution provided adequate notice that plaintiff was entitled to a private or public hearing. For the reasons discussed below, plaintiff's motion (Doc. 111) is granted, and plaintiff's motion to strike (Doc. 122) is denied.

**BACKGROUND**

On September 25, 2020, the court denied the parties' cross motions for summary judgment. The background facts are described in detail in that opinion and need not be repeated

1

here. <u>Toth v. Rich Township High School Dist. 227</u>, 2020 WL 5751187 (N.D. Ill. Sept. 25, 2020). During the first round of summary judgment briefing, plaintiff and defendants cross-moved for summary judgement on plaintiff's procedural due process claim. The elements of a procedural due process claim are "(1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." <u>Michalowicz v. Vill. of Bedford Park</u>, 528 F.3d 530, 534 (7th Cir. 2008) (citations omitted). The court denied both motions, holding that there was a genuine issue of fact as to whether plaintiff had a protected interest in her early retirement benefits and whether there was a deprivation of that interest.

The court similarly held that there was a genuine dispute of material fact for the second element of plaintiff's due process claim, stating:

> Plaintiff argues that she received no notification that her benefits or salary would be reduced. The letter informing her of her demotion says nothing about salary or benefits. In fact, the record indicates that officials repeatedly promised her that her benefits and salary would not change. The parties agree that plaintiff did not receive any sort of hearing prior to, or after, termination. Defendants counter that a reclassification hearing was available after plaintiff's demotion under either the collective bargaining agreement or the school code, and that plaintiff failed to utilize the procedures available to her. Additionally<u>, in response to plaintiff's Local Rule 56.1 statement of facts, defendants attach a Board resolution authorizing reclassification of several administrators, including plaintiff. That resolution states that reclassified employees may seek a private or public hearing regarding their reclassification.</u> Defendants further argue that it was "not incumbent on the District to request that Plaintiff file a grievance. It is her obligation to assert her own rights." (Doc. 93, 10).
>
> Defendants' arguments are unpersuasive and do little more than demonstrate questions of material fact. First, a hearing <u>after</u> termination is insufficient process; a plaintiff is entitled to a pre-termination hearing. <u>Simmons v. Gillespie</u>, 712 F.3d 1041, 1044 (7th Cir. 2013) ("The due process clause of the fourteenth amendment does require a state to afford an opportunity for a hearing <u>before</u> depriving someone of a property right created by state law.") (emphasis added). Second, it is unreasonable for defendants to fault plaintiff for failing to request a reclassification hearing when defendants provided repeated assurances that her salary and benefits would remain unchanged in her teaching role (and ignoring her counsel's requests for an explanation once it was clear the District reneged on its promise). <u>Third, it is unclear from the record whether plaintiff had any notice of the available</u>

reclassification hearing. A question of fact remains regarding whether the resolution itself is sufficient notice of plaintiff's procedural rights, and whether the Board provided the resolution to plaintiff. See Dunesbery v. U.S., 534 U.S. 161, 168 (2002) (governmental entity bears the burden of showing that the procedures used were "reasonably calculated under all the circumstances" to apprise the party of the pendency of the action). Finally, it is incumbent on the Board to provide plaintiff with sufficient process, and that includes reasonable notice regarding the available grievance procedures. A reasonable jury could find the Board's process inadequate.

Given the material questions of fact, summary judgment is inappropriate. The court denies both plaintiff's and defendants' motions.

(Doc. 98, 10-11) (emphasis added).

Several months after the court's ruling, on January 8, 2021, the parties filed a joint status report in which plaintiff stated that she had identified Lora Sheehy as a witness who could provide evidence on whether the Board sent plaintiff the Resolution before her demotion. The parties asked for permission to depose the witness, as discovery had already closed. The court granted the request, and the parties deposed Lora Sheehy on March 3, 2021.

At her deposition, Ms. Sheehy testified that she was the Executive Assistant to the Director of Human Resources for the District. It was her responsibility to handle all personnel matters for the District's administrative employees, including plaintiff. In March 2016, the Board issued the relevant Resolution, which listed eight administrators, including plaintiff, whose contracts would not be renewed. Two letters were attached to the Resolution: (1) Statement of Facts Concerning Reclassification of [Employee Name] Notice of Non-Reclassification; and (2) Statement of Facts Reclassification letters. Both letters were hand-delivered to each affected employee, informing them that their contracts would not be renewed and that they would be reassigned to a teaching position. The Resolution stated that employees could seek a private hearing before the Board to address their reclassification, and if they were unsatisfied with the results of that hearing, they had

a right to a public hearing. Neither the Resolution nor the letters mention the termination of any benefits.

Ms. Sheehy testified that it was her responsibility to send the letters to the administrators. She read the contents of the letters into the record and stated that these were the only documents sent to plaintiff and the other administrators. She did not send the Resolution to plaintiff or any of the reclassified administrators. Ms. Sheehy further testified that it was the District's policy to not send the Resolution to protect the other employees' privacy, and that in her nearly sixteen years on the job, she never sent the Resolution to an employee who had a dispute over their retirement benefits.

Plaintiff brings a second motion for summary judgment on the issue of whether plaintiff received the Resolution apprising her of her right to a hearing, and whether the Resolution constitutes sufficient notice of plaintiff's right to a hearing.

## DISCUSSION

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See CTL ex rel. Trebatosky v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only entitled to

the benefit of inferences supported by admissible evidence, not those 'supported only by speculation or conjecture.'" <u>Grant v. Trus. of Ind. Univ.</u>, 870 F.3d 562, 568 (7th Cir. 2017).

As noted above, the elements of a procedural due process claim are "(1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." <u>Michalowicz v. Vill. of Bedford Park</u>, 528 F.3d 530, 534 (7th Cir. 2008) (citations omitted). Plaintiff's second motion for summary judgment addresses whether the Resolution satisfies the second element of a procedural due process claim. Specifically, plaintiff argues that she never received the Resolution, and that the Resolution does not constitute sufficient notice of plaintiff's right to a hearing.

Plaintiff has provided the testimony of Lora Sheehy, which states that Ms. Sheehy did not send the Resolution to plaintiff, and that it was the District's practice to not send the Resolution in order to protect the other administrators' privacy. Plaintiff further argues that defendants have not provided any evidence indicating that plaintiff received the Resolution. Even if plaintiff received the Resolution, plaintiff argues that it would not have sufficiently apprised plaintiff of her rights because it did not mention the early retirement program or that her retirement benefits would be terminated or altered as a result of her reclassification.

Defendants' response brief is impressively unresponsive. Defendants spend the first half of their brief arguing that plaintiff does not have a property interest in her employment—an issue on which the court has already ruled and which no party has currently contested. Defendants have also switched their position on the issue of the Resolution. In the first round of summary judgment briefing, it was defendants who identified the Resolution and argued that the Resolution provided notice to plaintiff of her right to a reclassification hearing. Plaintiff has filed the instant motion in response to defendants' argument, claiming that it is uncontested that

defendants never sent the Resolution and that in any event it would constitute inadequate notice. But now defendants argue that the Resolution is completely irrelevant because it involves plaintiff's employment agreement and accuse plaintiff of attempting to "misguide" the court. Defendants proceed to make arguments regarding the collective bargaining agreement, and claim that Count III "is nothing more than a state law claim for breach of contract." The court addressed these arguments both in its ruling on defendants' motion to dismiss and the first motions for summary judgment. It need not address them for the third time, especially when they do not resolve the instant motion.

Ultimately, the court agrees with plaintiff. There is no dispute that the Board did not send the Resolution to plaintiff, and that plaintiff never received the Resolution. Indeed, defendants concede that it was the District's practice to not send the Resolution to the affected employees. Further, even if plaintiff had received the Resolution, it would not constitute adequate notice because it did not inform plaintiff that her retirement benefits would be terminated or otherwise altered. The court grants plaintiff's summary judgment motion.[1] To be clear, summary judgment is granted only to the extent that the court finds that the resolution constitutes inadequate notice under the second element. The court's earlier ruling on the first element—that there are disputed issues of fact regarding whether there was a deprivation of a protected interest—still stands.

Plaintiff has additionally moved to strike defendants' response to her Rule 56.1 statement of facts (Doc. 122). She objects that defendants' responses are inappropriately argumentative and too long. She also moves to strike defendants' Exhibit F, which is a copy of an employment

---

[1] Although partial motions for summary judgment are permitted under Fed. R. Civ. P. 56(a), they are generally disfavored as they result in piecemeal litigation and a waste of judicial resources. This is especially so when the partial summary judgment motion does not resolve an entire claim, but rather addresses only a single element. Plaintiff's current motion is more like a pretrial motion in limine, seeking a ruling on the particular issue discussed above. Nevertheless, because the parties have briefed the issue as a request for partial summary judgment, the court will treat it as such.

6

agreement that plaintiff did not sign. Plaintiff claims that Exhibit F was not produced to her during discovery. Defendants respond that they in fact produced this document, and attach the produced version with the Bates stamp to their response brief. The court declines to strike this exhibit because it appears that defendants produced it to plaintiff, and because the Exhibit has little bearing on the outcome of the instant motion.

As for defendants' responses to plaintiff's statement of facts, the court agrees that the responses are excessively lengthy and inappropriately argumentative. However, the court declines to strike these paragraphs, and will consider each party's statement of facts to the extent they are supported by the record.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 111) is granted, and plaintiff's motion to strike (Doc. 122) is denied. Due to the ongoing COVID-19 pandemic, and the consequent backlog of criminal and civil cases, the court is unable to set a trial date in this case at this time. The parties are directed to file a final pretrial order using this court's form on or before April 8, 2022. Answers to any motions in limine are to be filed on or before April 22, 2022. The court will set a pretrial conference after review of these filings. The status hearing previously set for December 10, 2021 is stricken.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   December 3, 2021**

7